IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HSBC MORTGAGE SERVICES, INC.,

      Plaintiff,

v.                                     No. 14-1107

DONNA MARIE ROBINSON,

      Defendant.

_____

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
_____

Before the Court is the Plaintiff, HSBC Mortgage Services, Inc.'s ("HSBC"), September 8, 2014 motion to remand. (Docket Entry ("D.E.") 15). The Defendant, Donna Marie Robinson ("Robinson"), filed a response on September 26, 2014. (D.E. 16.) For the reasons stated herein, the Court GRANTS HSBC's motion and REMANDS this matter to the General Sessions Court of Madison County, Tennessee.

*Background*

On February 10, 2014, HSBC initiated a detainer summons action against Robinson in the Madison County General Sessions Court after she failed to vacate a residence, located at 2441 Steam Mill Ferry Road, Jackson, Tennessee, that HSBC had foreclosed on in October 2013. (D.E. 15-1 at 1.) On May 9, 2014, Robinson filed a Notice of Removal in both Madison County General Sessions Court and the United States District Court for the Western District of Tennessee. (D.E. 1.) The notice in this Court stated that removal was based upon 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff had allegedly violated the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), in foreclosing on Robinson's residence.  (Id.)

*Legal Standard and Analysis*

HSBC alleges that removal is improper because either Robinson's notice of removal was untimely, or the Court lacks subject matter jurisdiction over the detainer summons action.  (D.E. 15-1 at 2–8.)  Defendant maintains that it is HSBC's motion to remand that is untimely, and that the Court does have subject matter jurisdiction over her claims against Plaintiff because they arise under a federal statute.  (D.E. 16 at 2–5.)

A.      **Timeliness of Removal**

The procedures for removing a civil action to federal court are provided by 28 U.S.C. § 1446, which states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  However, a party seeking remand because of a procedural defect other than a lack of subject matter jurisdiction must file a motion "within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c); Caterpillar Inc. v. Lewis, 519 U.S. 61, 76 (1996) ("[Congress] specified a short time, 30 days, for motions to remand for defects in removal procedure[.]").  Parties failing to bring a motion to remand within this thirty-day window waive any procedural arguments for remand that are not based on a lack of subject matter jurisdiction.  *See* Music v. Arrowood Indem. Co., 632 F.3d 284, 287 (6th Cir. 2011) ("[B]y failing to timely move for remand, [Plaintiff] forfeited his objection regarding the alleged

untimeliness of [Defendant's] removal."). Here, HSBC did not raise the untimeliness of Robinson's notice of removal until September 8, 2014, more than thirty days after Robinson filed her May 9, 2014 notice with the Court. Therefore, HSBC's motion to remand on the basis of untimely removal is DENIED.[1]

## B. <u>Subject Matter Jurisdiction</u>

Timeliness is just one requirement that must be satisfied before a civil action can be removed to federal court. A defendant can remove a matter only if it is one over which the federal court could have exercised original jurisdiction. 28 U.S.C. §§ 1441, 1446; <u>Eastman v. Marine Mech. Corp.</u>, 438 F.3d 544, 549 (6th Cir. 2006) ("The provisions of section 1441(b) require a defendant to demonstrate that a district court would have original jurisdiction over a civil action in order to invoke the federal court's removal jurisdiction."). A party seeking to invoke the jurisdiction of the federal courts bears the burden of establishing that subject matter jurisdiction exists. <u>Ohio ex rel. Skaggs v. Brunner</u>, 549 F.3d 468, 474 (6th Cir. 2008). Because a lack of jurisdiction "would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." <u>Eastman</u>, 438 F.3d at 549 (quoting <u>Brown v. Francis</u>, 75 F.3d 860, 864–65 (3d Cir. 1996)). A notice of removal must contain "a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a).

Robinson's notice of removal states that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because HSBC violated the FDCPA when it foreclosed on her

---

[1] The Court notes that HSBC failed to provide any evidence as to when Robinson was first served with the detainer summons that is sufficient to trigger the 30-day removal period under 28 U.S.C. § 1446(b)(1). Submitted with HSBC's motion to remand was a copy of the detainer summons, but the "Service" section was blank. (D.E. 15-2.) Robinson provided a copy of an April 22, 2014 letter she received from Robert S. Coleman, Jr., one of HSBC's attorneys, which enclosed the detainer summons. (D.E. 1-1.) If this was the first time Robinson received the detainer summons, her May 9, 2014 notice of removal would have been timely under 28 U.S.C. § 1446(b)(1).

residence. (D.E. 1.) HSBC counters that the Court lacks subject matter jurisdiction under § 1331 because there was no federal claim alleged in the February 10, 2014 detainer summons. (D.E. 15-1 at 5–8.)

"Federal district courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Roddy v. Grand Trunk Western R.R. Inc., 395 F.3d 318, 322 (6th Cir. 2005) (quoting 28 U.S.C. § 1331). To determine if a civil action arises under federal law, courts apply the "well-pleaded complaint" rule. Id. This rule requires the court to examine a complaint's well-pleaded allegations and ignore any potential defenses, as according to the rule, the plaintiff is the master of its complaint. Id. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003).[2]

The initial pleading in this action, the February 10, 2014 detainer summons, arises solely under Tennessee law. *See* Tenn. Code. Ann. § 29-18-101 *et seq.* In her notice of removal, Robison alleges that HSBC violated the FDCPA, a federal statute. (D.E. 1.) However, the FDCPA claims are not presented in the body of Plaintiff's detainer summons. Roddy, 395 F.3d at 322. At best, the federal statutory claims are potential defenses or counterclaims, which cannot be the basis for federal question jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). Because HSBC has not affirmatively alleged a federal claim in the detainer summons,

---

[2] There are exceptions to the well-pleaded complaint rule, such as the artful-pleading doctrine, the complete-preemption doctrine, and the substantial-federal-question doctrine, which "may force a plaintiff into federal court despite the plaintiff's desire to proceed in state court." Mikulski v. Centerior Ener. Corp., 501 F.3d 555, 560 (6th Cir. 2007) (*en banc*). None of those exceptions apply here.

<u>Anderson</u>, 539 U.S. at 6, this matter must be remanded to the General Sessions Court of Madison County, Tennessee.[3]

*Conclusion*

HSBC's argument favoring remand based on untimeliness was waived since its motion was filed more than thirty days after Robinson's notice of removal.  However, this matter is remanded to the General Sessions Court of Madison County, Tennessee because the Court lacks subject matter jurisdiction over the state detainer summons action.  Therefore, HSBC's motion to remand is GRANTED.

IT IS SO ORDERED this 5th day of November, 2014.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] HSBC, in a footnote, contends that should Robinson's notice of removal be construed to allege removal based on diversity jurisdiction, the matter is still not removable under 28 U.S.C. § 1441(b)(2) because Robinson is a Tennessee citizen.  (D.E. 15-1 at 8 n.1.)  Robinson's notice states that removal jurisdiction is predicated solely on 28 U.S.C. § 1331, (D.E. 1), and the time to amend the notice of removal has expired.  *See* <u>Uppal v. Elec. Data Sys.</u>, 316 F. Supp. 2d 531, 535–36 (E.D. Mich. 2004) (holding that the removing party waived its right to assert diversity jurisdiction as an alternative ground for removal because it failed to amend its notice of removal within thirty days after service of the initial pleading as provided for by 28 U.S.C. § 1446(b)).  Based on the Court's determination above, it need not address the Plaintiff's alternative argument.